WILLIAM J. LONG, RESPONDENT, v. HARRY BINNICKER, APPELLANT.—
63 S. W. (2d) 831.

Kansas City Court of Appeals.  September 11, 1933.

*B. L. Kaufmann* and *Culver & Phillip* for respondent.

*Landis & Landis* for appellant.

CAMPBELL, C.—Plaintiff brought suit to recover damages to his automobile and for the loss of society and service of his wife resulting from personal injuries to her, caused by a collision between an automobile owned and operated by him and in which his wife was riding and an automobile operated by the defendant. Trial resulted in verdict and judgment in favor of plaintiff in the sum of $1000. Defendant has appealed.

The place of collision was upon the intersection of Pacific Street, which runs east and west, and 11th Street, which runs north and south in the city of St. Joseph. The portion of each of said streets, used by vehicles, is thirty-six feet in width. Plaintiff testified that he drove his automobile eastward upon the south side of Pacific Street; that at the time of approaching said intersection he was travelling at a speed of ten to twelve miles per hour; that when he was near the west line of the intersection he looked in both directions along 11th Street but did not see the defendant's automobile; that he proceeded eastward and that when he was about ten feet east of the west line of the intersection his wife called his attention to the automobile being driven by the defendant, which was then upon the west side of 11th Street and "anywhere from the curb line to twenty-five feet north" and moving at a speed of thirty-five to forty miles per hour; that defendant turned the south bound automobile to the southeast and brought it into collision with plaintiff's automobile upon the southeast quarter of the intersection; that in consequence of the collision his automobile was damaged and his wife sustained personal injuries. The plaintiff further testified that there was a building on the northwest corner of the intersection "that comes out practically flush with the sidewalk, making it a regular blind corner."

Plaintiff introduced in evidence an ordinance of said city of St. Joseph, which provides that motor vehicles shall at all times be driven in a careful and prudent manner and that the driver shall exercise the highest degree of care regardless of speed limit therein provided, and shall at no time travel at a rate of speed so as to en-

danger the property, life or limb of any other person and provides that a speed in excess of twenty miles per hour, at the place in question, sustained for a distance of more than 300 feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent.

The defendant testified that the automobile which he was driving belonged to his brother, from whom he borrowed it; that he was driving on the west side of 11th Street at a rate of speed of twenty to twenty-five miles per hour and that as he approached the intersection he saw plaintiff's automobile coming toward the intersection; that at this time he, defendant, was ten feet from the intersection and that plaintiff's automobile was on the north side of Pacific Street about fifteen or twenty feet west of the intersection and travelling at a speed of forty-five to fifty miles per hour; that he applied the brakes and turned to the southeast; that plaintiff's automobile turned to its right and went across the street and that the automobiles collided at about the center of the intersection.

Plaintiff obtained three instructions, each of which authorized a verdict in his favor.

The first instruction told the jury that under the ordinance introduced in evidence it was the duty of defendant, upon approaching and entering the intersection, to use the highest degree of care in operating the automobile which he was driving and to operate the same at a rate of speed so as not to endanger the property, life or limb of any other person, and that a failure to exercise such degree of care in operating said automobile was negligence on his part, and that if the jury found that defendant operated his said automobile in violation of the ordinance at an excessive rate of speed ''and so as to endanger the life and limb of plaintiff's wife or automobile when he arrived at and proceeded to cross said intersection,'' and that plaintiff at said time and place exercising the highest degree of care, and that as a direct consequence of said negligence on the part of defendant (if the defendant was thus negligent) plaintiff's automobile was damaged and his wife was injured, the verdict should be in favor of plaintiff. The instruction did not submit as to whether or not the automobile operated by defendant was driven for a distance of 300 feet at a prohibited rate of speed.

The second instruction told the jury that if plaintiff's automobile ''reached the west line of the intersection . . . a short time before or at the same time'' that the automobile driven by the defendant arrived at the north line of the intersection, then plaintiff's automobile had the right of way across said intersection and if the automobile of plaintiff arrived at the west line of the intersection immediately before or at the same time that the automobile operated by the defendant arrived at the north line of the intersection, and that defendant negligently failed to reduce the speed of his auto-

mobile so as to give the right of way across said intersection to plaintiff, and that such negligence directly caused the collision between said automobiles without negligence on the part of plaintiff, and that in consequence thereof plaintiff's automobile was damaged and his wife was injured, the plaintiff was entitled to recovery. The defendant says this instruction is erroneous for the reason that it is based in part upon the testimony of the defendant which was in direct conflict with the testimony of plaintiff himself.

The plaintiff argues that it was "immaterial whether the defendant's version or the plaintiff's version is true, because whether the cars arrived at approximately the same time, as the defendant testified, or the plaintiff's car arrived first, as he testified, the plaintiff had the right of way because he approached from the defendant's right." This contention does not take into consideration all of the evidence of defendant. The defendant testified that plaintiff was driving his automobile upon the north side of Pacific Street at a high rate of speed; that a building obstructed his view of the north part of Pacific Street. If plaintiff was driving along the north side of Pacific Street at a high rate of speed he did not have the right of way. The law giving to the eastbound car the right of way in event it arrived at the intersection at the same time that the southbound car came to the intersection "applies only in favor of a vehicle entering the intersection from the proper side of the street." [42 C. J. 977.] Were it conceded that plaintiff was driving his automobile in a careful manner upon the south side of the street the rule invoked by plaintiff would apply but it does not apply if plaintiff, in approaching a "blind corner," was driving on the north side of the street at a speed of forty-five to fifty miles per hour. The law giving the driver of an automobile approaching a street intersection right of way over an automobile approaching from his left and which enters the intersection at the same time contemplates lawful conduct on the part of the former. Hence, the instruction was erroneous in that it did not submit to the jury the question as to whether or not plaintiff was driving his automobile upon the north side of the street at a high and dangerous rate of speed. And it is also erroneous for the reason that it told the jury plaintiff had the right of way, though his own evidence was untrue.

Plaintiff's third instruction is based upon the humanitarian rule and permits plaintiff to recover "even though" he "was negligent in failing to look out for approaching automobiles and in failing to discover the approach of the defendant's automobile at said time and place, or in going into the path of said automobile, or in driving at a fast and excessive rate of speed, or in driving upon the wrong side of Pacific Street." The defendant contends this instruction was erroneous in that it permitted a finding for plaintiff based upon facts in direct conflict with the personal testimony of plaintiff. Plain-

tiff was entitled to the benefit of defendant's evidence favorable to him unless such evidence contradicts the evidence of plaintiff himself. [Murray v. St. Louis Transit Co., 176 Mo. 183.] But he was not entitled to the benefit of evidence which was in direct conflict with his own testimony. Plaintiff alleged in his petition, and testified at the trial, that he was driving at a lawful rate of speed upon the south side of the street. The instruction permitted him to recover "even though" said allegations were disproved by his personal testimony. Moreover, we do not find evidence warranting the submission of the case upon the theory that defendant could have prevented the collision by stopping the automobile which he was driving, except evidence which was in direct conflict with plaintiff's pleaded case. The petition stated that defendant was driving the southbound automobile at a speed of thirty-five to forty miles per hour. Plaintiff's own evidence was in harmony with the allegation. There was no evidence as to the distance in which defendant could have stopped the automobile operated by him, if he was travelling at the speed testified to by plaintiff. Undoubtedly the instruction was erroneous.

The defendant argues that plaintiff's instructions Nos. 1, 2 and 3, permitted plaintiff to recover without requiring the jury to find that he sustained damages through loss of service of his wife. These instructions did not submit the measure of damages but in effect told the jury that plaintiff was not entitled to recover unless his automobile was damaged. The measure of damages was submitted in plaintiff's instruction No. 4. The instructions, read together, were not misleading.

Defendant criticizes plaintiff's instruction No. 1 for the reason that it does not submit that part of the ordinance making the driving of an automobile, at the place in question, at a rate of twenty miles per hour for a distance of more than 300 feet, presumptive evidence of driving at a negligent rate of speed. The instruction submitted the question as to whether or not defendant operated the automobile which he was driving at an excessive rate of speed so as to endanger the life and limb of plaintiff's wife and automobile. This was sufficient.

The defendant insists that plaintiff repeatedly informed the jury that an insurance company was defending the case. Upon *voir dire* examination of the panel of jurors the defendant stated to plaintiff that J. H. Wait was a representative of the insurance company which was defending the action. Plaintiff asked the members of the panel whether either of them was acquainted with or related to J. H. Wait, "an insurance man in South St. Joseph." We cannot say that it was unnecessary to state the business in which Mr. Wait was engaged in order to identify him. The defendant contends that questions asked upon the cross-examination of his brother and questions asked in the cross-examination of his witness, Dr. Byrne, tended to

inform the jury that an insurance company was defending the action. Objections to some of the questions complained of were sustained and the court was not requested to further rule. No objections were made to the other questions. Hence, we will not consider the contention. The defendant argues that plaintiff's evidence as to the manner in which the collision occurred is contrary to physical facts and, for that reason, should be disregarded. We do not think so. The statement of facts herein shows that the question was for the jury. Other matters of which complaint is made will probably not occur at another trial. The judgment is reversed and the cause remanded. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.